UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CASSANDRA M. LaFARGUE                          CIVIL ACTION

VERSUS                                          NO.  10-1944

EASTERN SAVINGS BANK, fsb                       SECTION  "N"  (2)

## ORDER AND REASONS

Presently before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Rec. Doc. 4).  For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** to the extent that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.  And, if Plaintiff desires to proceed further with her claim(s), she will be required to seek leave no later than twenty (20) days from the entry of this Order and Reasons to file an amending and superseding complaint remedying the pleading deficiencies identified herein.  The amending and superseding complaint must include all of the allegations from Plaintiff's original complaint (Rec. Doc. 1)[1] on which Plaintiff continues to rely, as well as Plaintiff's additional allegations.  If Plaintiff cannot, or does not, cure these deficiencies by timely amendment, the Court shall, upon motion by Defendant, order its dismissal of Plaintiff's claim(s) to be with prejudice.

Specifically, Defendant is correct that Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff's complaint set forth a "short and plain statement of the grounds for the court's jurisdiction," and that the subject matter jurisdiction provided by 28 U.S.C. §1332 requires

---

[1]     Plaintiff refers to this document as a "petition for damages."  *See* Rec. Doc. 1.

that the parties' "citizenship" be alleged. *See* 28 U.S.C. §1332. Additionally, although Plaintiff's opposition memorandum (Rec. Doc. 17) suggests that she may be attempting to assert that her claim "arises under" federal law, for purposes of the federal question subject matter jurisdiction provided by 28 U.S.C. §1331, such allegations are not included, as required by Rule 8, in her complaint. Thus, as Plaintiff's complaint is presently stated, Defendant's motion for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure has merit.

Furthermore, as discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), Rule 8 mandates that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). And, although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Twombly,* 550 U.S. at 570)).[2] The

_____

[2]    The Third Circuit Court of Appeals has described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"*Robbins v. Oklahom*a, 519 F.3d 1242, 1247 (10th Cir. 2008).

degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Here, Plaintiff's complaint fails to satisfy her obligation to provide enough information to apprise the Court and Defendant of the asserted factual and legal basis for her claim(s). Although reading Plaintiff's complaint and opposition memorandum together arguably suggests that her claim(s) arises out of, or at least relates to, a loan foreclosure affecting certain property owned by Plaintiff, the allegations of her complaint fail to adequately explain this. For instance, the complaint does not identify the type of loan in question, the location of the property in question, or the applicable date or dates of the events at issue. Nor does it adequately set forth the factual circumstances that Plaintiff believes constituted legally wrongful conduct by Defendant for which Plaintiff is entitled to recover monetary damages. Thus, as Plaintiff's complaint presently states her claim(s), Defendant is not in a position to investigate the validity of her claim and provide the Court with a helpful and informed response to her allegations.

Accordingly, for all these reasons, Plaintiff's action is dismissed without prejudice. And, as stated above, if Plaintiff desires to proceed further with her claim(s), she will be required to seek leave no later than twenty (20) days from the entry of this Order and Reasons to file an amending <u>and</u> superseding complaint remedying the pleading deficiencies that the Court has identified.

Additionally, the Court is aware that Plaintiff presently is *pro se*, or, in other words, is not represented by an attorney in this litigation. The Court recognizes the valuable assistance that attorneys provide to civil litigants. Thus, the Court encourages Plaintiff to attempt to retain counsel in this matter. If Plaintiff has not retained an attorney in connection with this action because of limited financial resources, it is the undersigned's understanding that one or more of the following

agencies may be able to provide some form of assistance:  (1) the New Orleans office of the Louisiana State Bar Association regarding lawyer referrals (504-561-8828); (2) the New Orleans office of Southeast Louisiana Legal Services (504-529-1000, 504-529-1008,  877-521-6242 or http://www.slls.org); (3) The Pro Bono Project (504-581-4043 or http://probono-no.org); (4) the Tulane Law School Law Clinic (504-865-5153); and (5) the Loyola Law School Law Clinic (504-861-5590).[3]  Plaintiff also may find internet resources such as www.martindale.com to provide helpful information regarding local attorneys and their areas of practice.

Finally, if Plaintiff intends to continue to proceed with this matter without counsel, she must promptly familiarize herself with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Preamble to the Local Rules.  Local Rules 5, 7, and 78 are particularly important with regard to motions. All of these materials are published on the Court's website, which is found at www.laed.uscourts.gov.  These materials also may be reviewed and/or copied at the Law Library of the United States Court of Appeals for the Fifth Circuit, 600 Camp Street, New Orleans, Louisiana  70130.  The telephone number there is 504-310-7797.

New Orleans, Louisiana, this 27th day of October 2011.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[3]  The Court advises that there may be alternative ways to contact these entities.  The telephone numbers that are shown here were obtained from various internet web sites and/or the local telephone directory.

4