UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASSANDRA M. LAFARGUE | CIVIL ACTION |
| VERSUS | NO. 10-1944 |
| EASTERN SAVINGS BANK, fsb | SECTION "N" (2) |

### ORDER AND REASONS

Presently before the Court is Defendant's Second Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Rec. Doc. 21). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** and Plaintiff's action is **DISMISSED WITH PREJUDICE**.

On October 27, 2011, the Court granted Defendant's first motion to dismiss (Rec. Doc. 4) without prejudice to Plaintiff's right, if she desired to proceed further with her claims, to seek leave, no later than twenty (20) days thereafter, to file an amending and superseding complaint remedying the identified pleading deficiencies. *See* Rec. Doc. 18. The Order and Reasons additionally instructed Plaintiff that, if she could not, or did not, cure these deficiencies by timely amendment, the Court would, upon motion by Defendant, order its dismissal of Plaintiff's claims to be with prejudice. *Id.*

Approximately two months later, on December 29, 2011, Plaintiff filed an "Amended Petition" into the record. *See* Rec. Doc. 19. On March 26, 2012, Defendant filed the second motion to dismiss now presently before the Court.

Considering the parties' submissions, the Court finds that Defendant's motion should

be granted. In short, Plaintiff's December 29, 2011 "Amended Petition" (Rec. Doc. 19) does not comply with the directives of the Court's October 27, 2011 (Rec. Doc. 18) Order and Reasons. To start, it was not accompanied by a motion for leave to file. And more importantly, Plaintiff does not adequately explain why she could not file within the twenty-day deadline imposed by the Court such that her delay should be excused. Specifically, though Plaintiff attaches a sworn declaration, stating that she received the "Judgement"[1] on December 9, 2011, the "Notify Sender of New Address" message appearing on the attached return envelope (above an address that is different from that set forth in Plaintiff's September 6, 2011 opposition memorandum (Rec. Doc. 17)), considered with Plaintiff's January 26, 2011 notice to the Court of a changed address (Rec. Doc. 20), suggests that Plaintiff did not receive the October 27, 2011 Order and Reasons on a timely basis because she, yet again, failed to keep the Court apprised of her current mailing address. Significantly, Plaintiff has not proposed any other logical explanation.

Nor is the Court in a position to overlook this omission. The Court already vacated one dismissal order in response to Plaintiff's assertion that the United States Postal Service had failed to forward mail to her at a new address. *See* Rec. Doc.16. In doing so, however, the Court, recognizing Plaintiff's *pro se* status, advised that she, *not* the United States Postal Service, is responsible for ensuring that this Court and defense counsel have valid contact information for her. *Id.* The Court also warned that failure to satisfy this obligation hereinafter might be considered cause for dismissal of Plaintiff's claims for failure to prosecute pursuant to Local Rule 41.3.1,[2] and

---

[1] "Judgment" presumably refers to the Court's October 27, 2011 Order and Reasons (Rec. Doc. 19-1).

[2] **LR 41.3.1 Dismissal for Failure to Provide Notification of Change of Address**:

The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for

2

instructed Plaintiff to familiarize herself with the Court's local rules. *See* Rec. Docs. 16 and 18.[3]

Furthermore, Plaintiff's "Amended Petition" does not satisfy the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), Rule 8 mandates that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). And, although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Twombly,* 550 U.S. at 570)).[4] The degree of required specificity, however, depends

---

        dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return. [Amended February 1, 2011]

[3] The Court also encouraged Plaintiff to seek the assistance of counsel and provided names and contact information for agencies that might be in a position to offer legal aid. *See* Rec. Doc. 18.

[4] The Third Circuit Court of Appeals has described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8]

3

on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Plaintiff's "Amended Petition" (Rec. Doc. 19) does not adequately set forth the factual circumstances that Plaintiff believes constituted legally wrongful conduct by Defendant for which Plaintiff is entitled to recover monetary damages. For instance, although Plaintiff contends that Defendant made "misrepresentations," she fails to allege what those misrepresentations were, who made them, etc. Nor does she explain why she believes Defendant was obligated to provide her with a loan modification, forbearance, or reinstatement. Thus, as Plaintiff presently states her claims, Defendant is not in a position to investigate their validity and provide the Court with a helpful and informed response to her allegations.

Accordingly, for all these reasons, the Court grants Defendant's motion. Plaintiff's action is dismissed with prejudice.

New Orleans, Louisiana, this 7th day of June 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

. . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

4